RADCLIFF *vs.* RHAN and wife.,

A bill of exceptions must be signed and sealed.
And the error book produced on the argument must contain a copy of the bill,
*with the signatures of the judges, or the clerk's certificate that it was signed by
them;* otherwise, if objection be taken, the exceptions will not be regarded.

ERROR to the Erie common pleas. The errors relied upon
consisted in certain rulings of the court and in its charge to
the jury. These were stated in a paper annexed to the record,
being a narative of the trial drawn up in the form of a bill of
exceptions. It is not certified to be a copy of a bill of excep-
tions, nor is there any signature attached to it. It concludes,

Radcliff *v.* Rhan.

however, with a sentence, as follows: "The defendant tendered this his bill of exceptions, which is hereupon signed and sealed by the said first judge of the said court of common pleas." On the opening of the argument,

*M. Fillmore*, for the defendant in error, objected that no bill of exceptions had been signed, which he said was indispensable. (2 *R. S.* 422, §§ 73, 78; *Law* v. *Jackson*, 8 *Cowen*, 746.)

*J. L. Talcott*, for the plaintiff in error, said that the objection could not be made on the argument of the cause; but the remedy was by motion to set the bill of exceptions aside. (*Marsh* v. *Rulifson*, 7 *Cowen*, 102; *Dean* v. *Gridley*, 10 *Wend.* 254; 2 *B. & Adol.* 845.)

*By the Court*, BEARDSLEY, C. J. Exceptions, although duly taken and written down, are of no avail until signed and ·sealed. (2 *R. S.* 422, §§ 73, 75.) By the statute, a bill of exceptions, when taken in a court of common pleas, is to be filed with the clerk of such court and returned by him on a writ of error when sued out, with his certificate that the bill was signed by the judge or judges whose names are subscribed thereto. (*Id. p.* 423, §§ 77, 78.) The error book should contain a true copy of the record and the bill of exceptions including the signatures. On the argument the error book must be taken to be true and complete, and unless it shows the bill of exceptions to have been signed, that fact, when the objection is made cannot be assumed. Calling a paper a bill of exceptions amounts to nothing. It must appear to have been signed, for otherwise the designation, at the best, is but a misnomer. No error being suggested in the record, and there being no bill of exceptions before us, the judgment of the court below must be affirmed.

Judgment affirmed.